E-FILED
Monday, 07 October, 2024  02:11:07 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| BRIAN D., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:22-cv-04133-SLD-JEH |
| | ) | |
| MARTIN O'MALLEY, Commissioner of | ) | |
| Social Security,[1] | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Plaintiff Brian D.'s Motion for EAJA Fees, ECF No. 17.  Brian requests that the Court award him $3,866.90 in attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A), which provides that a court shall award fees and expenses to a prevailing party in a civil action brought by or against the United States. Defendant Martin O'Malley, Commissioner of Social Security ("the Commissioner"), does not oppose the motion.  *See generally* Not. No Opp'n, ECF No. 18.  For the following reasons, the motion is GRANTED.

## BACKGROUND

Brian filed this suit on September 17, 2022, seeking judicial review of the Commissioner's final decision denying his claim for disability insurance benefits pursuant to 42 U.S.C. § 405(g).  *See* Compl. 1, ECF No. 1.  On January 18, 2023, the Commissioner filed an answer, ECF No. 5, and a certified copy of the Administrative Record, ECF No. 6.  On February 16, 2023, Brian filed his Memorandum in Support of Plaintiff's Appeal, ECF No. 8, and the Commissioner filed his brief, ECF No. 12, on April 12, 2023.  Magistrate Judge Jonathan E.

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Martin O'Malley is substituted for his predecessor.

Hawley issued a Report and Recommendation ("R&R"), ECF No. 14, on October 20, 2023.  The

Court adopted the R&R, reversed the Commissioner's decision, and remanded the case pursuant

to sentence four of 42 U.S.C. § 405(g).  Nov. 21, 2023 Order 2, ECF No. 15.  Judgment was

entered on November 27, 2023.  Judgment, ECF No. 16.  Brian filed the instant motion on

February 18, 2024, and the Commissioner filed his notice of no opposition to Brian's motion two

days later.

## DISCUSSION

### I.    Attorney's Fees Under the EAJA

Under the EAJA, a successful litigant against the federal government is entitled to

recover his attorney's reasonable fees if: (1) he is a "prevailing party"; (2) the government's

position was not "substantially justified"; (3) there exist no special circumstances that would

make an award unjust; and (4) he filed a timely application with the district court.  28 U.S.C.

§ 2412(d)(1); *Krecioch v. United States*, 316 F.3d 684, 687 (7th Cir. 2003).

First, Brian is a "prevailing party" within the meaning of the EAJA by virtue of having

had judgment entered in his favor and his case remanded to the Commissioner for further review.

*See Shalala v. Schaefer*, 509 U.S. 292, 301 (1993) (finding that a remand "which terminates the

litigation with victory for the plaintiff" confers prevailing party status under the EAJA); *Tex.

State Tchrs. Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 791–92 (1989) (deeming

prevailing party status appropriate when "the plaintiff has succeeded on any significant issue in

litigation which achieved some of the benefit the parties sought in bringing suit" (alterations and

quotation marks omitted)).

The next question is whether Brian's request for attorney's fees is timely.  Section

2412(d)(1)(B) requires that a party seeking an award of fees submit to the court an application

for fees and expenses within thirty days of final judgment in the action.  The term "final judgment" refers to judgments entered by a court of law, not decisions rendered by an administrative agency.  *Melkonyan v. Sullivan*, 501 U.S. 89, 96 (1991).  In Social Security cases involving a remand, the filing period for attorney's fees does not begin until the judgment is entered by the district court, the appeal period has run, and the judgment has thereby become unappealable and final.  *Id.* at 102; *Shalala*, 509 U.S. at 302 ("An EAJA application may be filed until 30 days after a judgment becomes 'not appealable'—*i.e.*, 30 days after the time for appeal has ended.").  Judgment was entered by this Court on November 27, 2023.  Either party would have had sixty days to appeal, *see* Fed. R. App. P. 4(a)(1)(B) (providing that where one party is a United States officer sued in an official capacity, the parties have sixty days to appeal), and then thirty days to file a request for fees after the time for appeal expired.  Brian filed the instant motion on February 18, 2024—eighty-three days after judgment was entered—so Brian's request is timely.

The next issue is whether the government's position was "substantially justified."  EAJA fees may be awarded if either the Commissioner's pre-litigation conduct or litigation position lacked substantial justification.  *Golembiewski v. Barnhart*, 382 F.3d 721, 724 (7th Cir. 2004).  A decision by an Administrative Law Judge is considered part of the Commissioner's pre-litigation conduct.  *Id.*  For the Commissioner's position to have been substantially justified, it must have had reasonable factual and legal bases, and there must be a reasonable connection between facts and legal theory.  *Cunningham v. Barnhart*, 440 F.3d 862, 864 (7th Cir. 2006).  The Commissioner has the burden of proving that his position was substantially justified.  *Id.* (citing *Golembiewski*, 382 F.3d at 724).  Here, the Commissioner does not oppose Brian's request for

attorney's fees, *see* Not. No Opp'n, and thus has not met his burden of establishing that both his litigation position and his pre-litigation conduct were substantially justified.

Finally, no special circumstances exist that would make an award of attorney's fees unjust. Therefore, Brian is entitled to recover reasonable attorney's fees under the EAJA.

## II.     Reasonableness of Brian's Attorney's Fees

It is a successful litigant's burden to prove that the attorney's fees he requests are reasonable. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). Reasonable fees are calculated by multiplying the appropriate number of hours worked by a reasonable hourly rate. *Id*. at 433. The rate is calculated with reference to prevailing market rates and capped at $125 per hour unless the court determines that "an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved," warrants a higher hourly rate. 28 U.S.C. § 2412(d)(2)(A). The Seventh Circuit has set forth the following standard for EAJA claimants seeking a higher hourly rate:

> An EAJA claimant seeking a cost-of-living adjustment to the attorney fee rate . . . may rely on a general and readily available measure of inflation such as the Consumer Price Index, as well as proof that the requested rate does not exceed the prevailing market rate in the community for similar services by lawyers of comparable skill and experience. An affidavit from a single attorney testifying to the prevailing market rate in the community may suffice to meet that burden.

*Sprinkle v. Colvin*, 777 F.3d 421, 423 (7th Cir. 2015).

To determine the appropriate number of hours worked, the Court turns to Brian's attorney's statement of time. *See* Itemization Hours, ECF No. 17-1. Brian attests that his attorney spent 16.1 hours on his case. Mot. EAJA Fees 1.[2] The Court finds that the 16.1 hours spent on this case were appropriately billed. *Cf. Kinsey-McHenry v. Colvin*, No. 2:12-CV-332-

---

[2] The Itemization of Hours lists 16.1 as the TOTAL number of hours worked. Itemization Hours 2. When calculating line by line, however, the total adds up to 16.7 hours worked. *See id.* at 1–2. The Court uses the total figure of 16.1 hours because that is what Brian expressly requested.

PRC, 2014 WL 1643455, at *3 (N.D. Ind. Apr. 23, 2014) (noting that courts within the Seventh

Circuit have found 40 to 60 hours expended on a Social Security appeal reasonable).

Brian asserts that his attorney's work should be compensated at the hourly rate of

$240.18.  Mem. Supp. Mot. EAJA Fees 6, ECF No. 17-2.  To justify the requested rate, he points

to the changes in the consumer price index ("CPI") for all consumers nationwide between the

time Congress set the rate cap at $125 per hour (March 1996) and January 2023.  *See id.* at 5–6.[3]

He further provides affidavits from his attorney, Michael DePree, and another attorney from

DePree's firm, Jeannette Keller, who attest that the requested rate does not exceed the prevailing

market rate for attorneys of similar caliber.  *See* DePree Aff. 1, ECF No. 17-4; Keller Aff. 1,

ECF No. 17-5.

The Court finds that an increase above the statutory $125 ceiling is warranted both by the

changes in the CPI and by the assurances contained in the affidavits that the rate of compensation

sought is not excessive.  To determine what fee increase above the statutory ceiling may be

authorized, courts often look to the ratio of the CPI at the time legal services were rendered and

the CPI at the time the statutory limit of $125 was set.  *See, e.g.*, *Sprinkle*, 777 F.3d at 428

("Courts should generally award the inflation-adjusted rate according to the CPI, using the date

on which the legal services were performed." (footnote omitted)).  The $125 limit is multiplied

by this ratio to determine the proportional change in rate.  *See, e.g.*, *Anthony G. v. Kijakazi*, No.

4:21-cv-04220-SLD-KLM, 2023 WL 6879827, at *3 (C.D. Ill. Oct. 18, 2023); *Abhsie v.*

*Berryhill*, No. 16 CV 7357, 2017 WL 4804741, at *1–2 (N.D. Ill. Oct. 25, 2017).

---

[3] Within the Seventh Circuit, courts have discretion to use either a regional CPI or the national CPI in a specific case.  *See, e.g.*, *Jensen v. Berryhill*, 343 F. Supp. 3d 860, 865 (E.D. Wis. 2018) (noting that district courts in the Seventh Circuit have used both the national and regional CPI); *Sprinkle*, 773 F.3d at 428 n.2 ("[The Seventh Circuit] leave[s] to the discretion of the district courts whether to adopt the national or regional index in specific cases.").  The Court follows Brian's lead and uses the national CPI.

The work in this case was performed from July 2022 to February 2024.  *See* Itemization Hours 1–2.  The average CPI for 2022 was 292.655.  *See Consumer Price Index for All Urban Consumers (CPI-U)*, U.S. Bureau Lab. Stat., https://data.bls.gov/cgi-bin/srgate (enter "CUUR0000SA0"; select "Next - >"; under the "Specify year range:" heading, select "From: 1996" and "To: 2024"; under the "Annual Averages" heading, check "include annual averages"; then hit "Retrieve Data") (last visited October 7, 2024).  The average CPI for 2023 was 304.702. *See id.*  The CPI for February 2024 was 310.326.  *See id.*  As the CPI in March 1996 was 155.7, *see id.*, the CPI increased by a factor of 1.87961 by the end of 2022, 1.95698 by the end of 2023, and 1.99310 by the end of February 2024.  An increase of the $125 statutory cap to $234.95 for work completed in 2022, $244.62 for work completed in 2023, and $249.14 for work completed in February 2024 would therefore be warranted.  On average, this exceeds the $240.18 hourly rate sought by Brian's attorney.[4]  The attorney affidavits provided here demonstrate that the requested rate does not exceed the relevant market rate.  *See* DePree Aff. 1 (averring that "$375.00 per hour is reasonable rate" for an attorney with thirty-eight years of experience litigating social security cases in federal court); Keller Aff. 1 (averring that "$275.00 per hour is a reasonable rate" for an attorney with thirty-five years of experience litigating social security cases in federal court).

Using the requested $240.18 hourly rate, the total amount of attorney's fees for the 16.1 hours of work Brian's attorney performed would be $3,866.90, which is the amount Brian requests.  This amount is reasonable.  *See, e.g.*, *John J. v. Kijakazi*, No. 4:21-cv-04096-SLD-JEH, 2023 WL 3901478, at *3 (C.D. Ill. June 8, 2023) (finding an hourly rate of $224.00 to be

---

[4] Similarly, month-based calculations yield an average rate which exceeds the $240.18 hourly rate sought by Brian's attorney, such that the distinction between the two figures is immaterial.  *See Anthony G.*, 2023 WL 6879827, at *3 n.1 (finding that discrepancies between "a month-based or year-based figure" were immaterial because both figures resulted in a higher rate than what the plaintiff requested).

6

reasonable); *Brett W. B. v. Kijakazi*, No. 4:19-cv-04248-SLD-JEH, 2022 WL 20211107, at *3

(C.D. Ill. July 21, 2022) (finding an hourly rate of $229.10 to be reasonable).

## CONCLUSION

Accordingly, the unopposed Motion for EAJA Fees, ECF No. 17, is GRANTED.

Plaintiff Brian D. is awarded $3,866.90 in EAJA fees.  This amount may be offset to satisfy any

pre-existing debt that Brian owes to the United States.  *See Astrue v. Ratliff*, 560 U.S. 586, 593

(2010).  Brian has assigned his right to EAJA fees to his attorney, Att'y Fee Contract, ECF No.

17-3, so if the Commissioner determines that Brian owes no pre-existing debt to the United

States, the Commissioner shall direct payment of the award to Brian's attorney.  *See Mathews-*

*Sheets v. Astrue*, 653 F.3d 560, 565–66 (7th Cir. 2011), *overruled on other grounds by Sprinkle*,

777 F.3d 421.  If Brian does owe a pre-existing debt subject to offset in an amount less than the

EAJA award, the Commissioner will instruct the U.S. Department of the Treasury that any check

for the remainder after offset be made payable to Brian and mailed to the business address of

Brian's attorney.

Entered this 7th day of October, 2024.

s/ Sara Darrow
SARA DARROW
CHIEF UNITED STATES DISTRICT JUDGE